J-S55027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAYMOND A. MIKELONIS, SR. | : | |
| | : | |
| Appellant | : | No. 441 WDA 2019 |

Appeal from the PCRA Order Entered December 27, 2018
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000755-2011

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED NOVEMBER 26, 2019**

Raymond A. Mikelonis, Sr. appeals from the denial of his request for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We remand for the PCRA court to determine the status of PCRA counsel.

Mikelonis filed a *pro se* timely PCRA petition alleging ineffective assistance of trial counsel. **See** PCRA Petition, filed 4/27/15, at 3. The PCRA court appointed Patrick Lavelle, Esquire, as PCRA counsel, and he filed a **Turner/Finley** letter and a petition to withdraw as counsel.[1] The PCRA court on February 3, 2016 issued a notice of intent to dismiss the petition without a hearing. **See** Notice of Intent to Dismiss, filed 2/3/16, at ¶2; Pa.R.Crim.P.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

907.[2] While the PCRA petition was still pending, Mikelonis filed a *pro se* petition labeled, "Petitioner Raymond Mikelonis Sr.'s Petition for State *Habeas Corpus*" ("*habeas* petition"). **See** *Habeas* Petition, filed 5/7/18; PCRA Ct. Op. ("PCO"), filed 4/16/19, at 6. The PCRA court denied both the PCRA petition and the *habeas* petition in December 2018, without ruling on PCRA counsel's petition to withdraw. Mikelonis then appealed to this Court, *pro se*.

The docket reflects this Court received Mikelonis's notice of appeal on March 25, 2019, beyond the 30 day deadline to appeal to this Court. We issued a rule to show cause why the appeal should not be dismissed as untimely. Mikelonis responded that "pursuant [to] the prison mailbox rule, [he] filed with the Clearfield County Clerk of Court's[,]" his notice of appeal on January 6, 2019. Response to Rule to Show Cause, filed 5/3/19. He stated "that the delay is a breakdown with the Clerk of Court of Clearfield County," because on March 27, 2019, he received a print out of his criminal docket from the clerk of courts with a handwritten note that read "nothing will be done with your appeal until the judge either grants or denies your [*in forma pauperis* ("IFP")]." **Id.** at 2 (unpaginated). Mikelonis also included a cash slip for his filed notice of appeal, dated January 6, 2019. We discharged the rule to show cause, leaving it to the panel to readdress the issue. Order, filed 5/13/19.

---

[2] The PCRA court maintains that it denied the PCRA petition on February 3, 2016. **See** PCRA Court Op., filed 4/16/19 at 4. However, neither the certified record nor the docket contains an order denying the PCRA petition on that date.

Upon review of the certified record, we conclude that this appeal is timely pursuant to the prisoner mailbox rule. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). We also note that the contention of the clerk of courts that it was not required to docket Mikelonis' notice of appeal until the trial court ruled on his IFP, was in error. **See** Pa.R.A.P. 905(a)(3) ("Upon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket"); **Commonwealth v. Williams**, 106 A.3d 583, 588 (Pa. 2016) ("The use of the word 'shall' in Rule 905(a)(3) leaves the lower court clerk no discretion in its application of the rule"). Thus, we conclude that Mikelonis timely filed his notice of appeal on January 6, 2019. **See Smith v. Pennsylvania Board of Probation and Parole**, 683 A.2d 278, 282 (Pa. 1996) (concluding cash slip is acceptable evidence of whether appellant mailed "his petition for review within the thirty day filing period").

However, we do not address the merits of this case at this time because Mikelonis filed a *pro se* brief to this Court, even though PCRA counsel has not withdrawn his appearance. **See** Docket, **Commonwealth v. Mikelonis**, CP-17-CR-0000755-2011, at 15. Thus, it appears that his brief to this Court may be a case of hybrid representation, which is not permitted. **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa.Super. 2016). Hybrid representation exists where there is "self-representation together with

counseled representation." ***Commonwealth v. Ellis***, 626 A.2d 1137, 1138 (Pa. 1993).

As there is no indication in the certified record that the PCRA court formally allowed Attorney Lavelle to withdraw as counsel, we remand this case for the PCRA court to advise this Court of the status of Attorney Lavelle in this case within 30 days of the date of this Memorandum. ***See Commonwealth v. Ford***, 44 A.3d 1190, 1198 n.4 (Pa.Super. 2012) ("If the PCRA court allows counsel to withdraw when the court issues its notice of intent to dismiss, then there are no issues regarding hybrid representation."). If the PCRA court determines that Attorney Lavelle continues to represent Mikelonis in this matter, counsel shall file a brief in this Court within 30 days of the PCRA court's rendering that determination.

Case remanded with instructions. Jurisdiction retained.